# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Hon. Mark Falk |
| | : | |
| JUNIUS AQUINO | : | Mag. No. 20-1188 |
| | : | |

I, Cyril Pereira, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

_____
Cyril Pereira, Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Special Agent Pereira attested to this Complaint
by telephone pursuant to F.R.C.P. 4.1(b)(2)(A)

November 3, 2020  at  8:04 PM           at     District of New Jersey
Date                                           County and State

HONORABLE MARK FALK                            _____
UNITED STATES MAGISTRATE JUDGE                 Signature of Judicial Officer

## **ATTACHMENT A**

### **COUNT ONE**
(Possession of Ammunition by a Convicted Felon)

On or about October 31, 2020, in Union County, in the District of New Jersey and elsewhere, the defendant,

**JUNIUS AQUINO,**

knowing that he had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce at least seven (7) rounds of .40 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

**ATTACHMENT B**

I, Cyril Pereira, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about October 31, 2020, shortly after 6:30 a.m., law enforcement responded to Karl's Tavern in Elizabeth, New Jersey ("Karl's Tavern") after receiving reports of shots fired.

2. Subsequent investigation, including statements from several witnesses, led to a description of the shooter. Law enforcement thereafter retrieved video surveillance footage in the area of the shooting, which depicted Junius Aquino ("AQUINO") outside of Karl's Tavern matching the description of the shooter. Video surveillance footage likewise depicted AQUINO flee the scene shortly after the shooting in a black Dodge Ram 1500 pick-up truck (the "Dodge").

3. Law enforcement recovered approximately seven (7) .40 caliber shell casings from the scene of the shooting. The shell casings were manufactured outside of New Jersey, and therefore traveled through interstate commerce prior to October 31, 2020.

4. On or about November 2, 2020, law enforcement located the Dodge in Elizabeth, New Jersey, in the vicinity of AQUINO's girlfriend's residence. In plain view, law enforcement observed what appeared to be a .40 caliber shell casing in the bed of the Dodge.

5. On or about August 5, 2004, AQUINO was convicted of Robbery, in violation of Florida Statute 812.13(2)(a), a crime punishable by a term of imprisonment exceeding one year.